■OPINION OF THE COURT — by the
IIox EDWARD TURNER.
This is an action of debt, founded on a sealed note, made by the defendant payable to the plaintiff, to the following effect,'to wit: “On demand, I promise to pay William Loury, or order, the just and full sum of three hundred dollars, the amount is money loaned at fort} per cent until paid, bearing date the 21st March 1822.11 The cause went to the jury on an issue to the plea of payment, verdict for the plaintifffor the amount of the above debt, and damages to the amount of “ forty per cent per annum,” on the amount of the said debt, from the date of the note until paid. The defendant moved for a new trial, for the following reasons, to wit:
tc 1. Because the verdict was contrary to law and evidence.
2. Because the jury gave a per centage per annum, greater than that allowed by law, and resorted to construction to do this. Whereas; the party should not be entitled to the benefit of a rule made by himself, and different from the rule made by law, unless the rule in the convention of the parties is not expressed, so as to supersede the necessity of construction, in order to give the party the benefit of a conventional rule with regard to in torest.” The constitution of this state, article 6. sec. 10, provides, that “ The general assembly shall pass no law impairing the obligation of contracts, prior to the year 1821, on account of the rate of interest fairly agreed on in writing,between the contracting parties for a hona fide loan of money, but they shall have power to regulate the rate of interest, where no special contract exists in relation thereto.” This provision in the constitution was in force at the date of the above note, and the only question in this caséis, whether the note in question bears interest at the rate of forty *208 p'er cení per annum. In construing contracts, the intention of the parties should be the governing principle, and it appears to the court that it was the contract and the intention of the parties that the defendant should pay to the plaintiff the interest allowed by the jury, that this is one of the cases left by the constitution to the convention of the parties, and that their agreement and intention is sufficiently expressed in the writing.
Motion overruled, and judgment, for the plaintiff.
Judges Hampton, Child and Black concurred.